GERRISH v. GREENING.

1. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED—EJECTMENT—LANDLORD AND TENANT—OPTION TO PURCHASE.

In action of ejectment wherein lease involved contained option to purchase at expiration of term for years and administratrix of estate of lessee claimed premises were being purchased under land contract, testimony of plaintiff relative to matters equally within the knowledge of the deceased was inadmissible (3 Comp. Laws 1929, § 14219).

2. TRIAL—TRANSFER OF CAUSES—EJECTMENT TO EQUITY—SPECIFIC PERFORMANCE—LANDLORD AND TENANT—OPTION TO PURCHASE.

In ejectment to oust tenants where there was no evidence tending to show that deceased lessee ever elected to purchase under option contained in written lease for years, refusal to transfer case to court of equity and have answer considered as one asking for specific performance of option *held*, not error.

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted June 16, 1937. (Docket No. 115, Calendar No. 39,559.) Decided October 4, 1937.

Three separate cases of ejectment by Anna E. Gerrish against Ina Greening, administratrix of the estate of Olga W. Erickson, deceased, and others for possession of real property. Cases consolidated. Judgments for plaintiff. Defendants appeal. Affirmed.

*Lou L. Landman,* for plaintiff.

*F. E. Wetmore,* for defendants.

WIEST, J.   Three actions of ejectment were tried together.   Plaintiff, owner of the properties in 1927, entered into written agreements leasing the same to Olga W. Erickson for a term of three years, with option to purchase at the expiration of the term. Olga W. Erickson is dead, and the administratrix of her estate contends that, by action of the parties, the premises were being purchased under land contract.   Plaintiff presented a claim against the estate of Olga W. Erickson for rent amounting to $3,305, and it was allowed.

The circuit judge held that the three leases merely gave Olga W. Erickson the option to purchase the premises within three years, and provided that no right of property vested in Olga W. Erickson; that she was only a tenant and the evidence did not establish the fact that Olga W. Erickson ever exercised the option and elected to purchase.

Defendants contend that the testimony of plaintiff relative to matters equally within the knowledge of the deceased was inadmissible.*   We need but say that the court so held.

Defendant administratrix wanted the court to adjudge the claim for rent to be a payment under the option.   The court held that matter settled by allowance of the claim for rent.   Thereupon defendant administratrix wanted the cases transferred to the equity side of the court and have the answer considered as one asking for specific performance of the option.   Defendant administratrix offered no proofs, except rental receipts which were not questioned.

There was no evidence tending to show that the deceased ever elected to purchase under the option and it would be futile to transfer the cases to equity.

---

* See 3 Comp. Laws 1929, § 14219.—REPORTER.

There was no error in entering three judgments with costs in each.

We find no merit in any of the questions raised and the judgments are affirmed, with costs.

Fead, C. J., and North, Butzel, Bushnell, Sharpe, Potter, and Chandler, JJ., concurred.